**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | **Case No. 13-20081-CM** |
| **ARRICK WARREN,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM AND ORDER

This closed criminal case is before the court on the Motion to Supplement Mr. Warren's pro se § 2255 Motion (Doc. 129). Significantly, there is not currently a § 2255 motion pending before this court, as the court denied defendant's pro se request for habeas relief on April 17, 2019. After the court's decision, the Federal Public Defender's Office entered an appearance on behalf of defendant and filed the instant motion to supplement, and defendant filed a notice of appeal pro se. The Tenth Circuit abated the appeal pending this court's disposition of the motion to supplement. Defendant (through counsel) asks this court to allow him to supplement his denied § 2255 motion with a Sixth Amendment claim based on newly-discovered evidence in *United States v. Black*, No. 16-20032.

The Tenth Circuit has allowed post-judgment supplementation of a § 2255 petition in limited circumstances. *See*, *e.g., Douglas v. Workman*, 560 F.3d 1156, 1187–96 (10th Cir. 2009). In deciding whether to allow supplementation, the court identified the following non-exhaustive factors, which are not all required to be affirmatively met in order to merit relief:

> (1) [the petitioner's] initial petition remained pending—albeit on appeal; (2) he had raised a claim of improper prosecutorial vouching in his initial habeas petition, to which his *Brady* claim was "closely correlated"; (3) the prosecutor's violation of *Brady* was "willful and intentional"; (4) relatedly, the prosecutor's misconduct was actively

-1-

> concealed; (5) [the petitioner] had been sentenced to death, calling for "a heightened concern for fairness"; (6) the inequity that would result from granting [the petitioner's] co-defendant relief on an identical *Brady* claim; and (7) relief was not inconsistent with AEDPA's [the Antiterrorism and Effective Death Penalty Act's] purposes, given the duty incumbent upon the prosecutor to turn over such evidence.

*Carter v. Bigelow*, 787 F.3d 1269, 1279 (10th Cir. 2015) (citing *Douglas*, 560 F.3d at 1190–95).

Applying these factors to the instant case, the court determines that it is proper to allow supplementation to defendant's pro se § 2255 motion.

First: Is the initial habeas petition—although it has been denied by this court—still "open and pending"? The answer to the first question is yes. This case has the same procedural posture as *Douglas* had when it was considered by the Tenth Circuit. Because the appeal remains open, the case remains open and pending before the Tenth Circuit.

Second: Did defendant raise a similar claim in his original habeas petition? Defendant did not. But this oversight is not dispositive; the government did not confirm it possessed defendant's attorney-client communications until January 2019. Defendant filed his pro se motion in June 2017. While the *Black* litigation was ongoing at that time, defendant was proceeding pro se from prison and did not have readily-available access to the information as it developed in that case. This factor does not weigh against defendant.

Third: Was the prosecutor's alleged misconduct willful and intentional? The court is not yet in a position to determine whether the prosecutor's alleged misconduct was willful and intentional, but certainly defendant has alleged that it was. This factor cannot be fully examined without a hearing that would be more appropriate as part of the actual consideration of defendant's claim, or without final, binding factual or legal findings that may be issued in *Black*. At this time, the court finds the factor neutral.

-2-

Fourth: Did the USAO actively conceal the alleged misconduct? Like the third factor, this is not a factor on which the court can make a proper determination in the absence of a hearing or final, binding factual or legal findings from *Black*. It is also neutral.

Fifth: Does the case involve the death penalty? No. Defendant was sentenced to 180 months in prison—not death. Although defendant's sentence remains significant, this factor weighs against allowing supplementation, at least in comparison to the sentence the defendant was facing in *Douglas*.

Sixth: Is there a risk of inequity in treatment between similarly-situated defendants? The sixth factor weighs in favor of allowing supplementation. This court is aware of a large number of pending habeas petitions based on the *Black* litigation. If the court denies supplementation in this case, it could put defendant in a different position than other defendants who either (1) learned of potential constitutional violations before defendant did or (2) had not yet filed habeas petitions in their cases. This court does not believe it would be equitable to deny defendant the opportunity to raise the same claim only because he had already filed a § 2255 petition based on other grounds (and had it ruled on).

Seventh: Would relief be inconsistent with AEDPA's purposes? Finally, the court determines that relief would not be inconsistent with AEDPA's purposes. Under the circumstances of this case, allowing supplementation would actually promote judicial efficiency and conserve judicial resources. It appears that defendant acted quickly enough upon learning of the government's alleged actions. Counsel did notify both the government and the court that the Federal Public Defender's Office intended to file a motion to amend the § 2255 motion; counsel just did not accomplish that task before the court entered its order, because of engaging in reasonable investigation. The court finds this unique fact most significant in this case—specifically, that counsel notified the court that the office intended to enter an appearance and move to amend defendant's pro se motion. Nevertheless, when counsel had not entered an appearance or filed a motion to amend within two-and-a-half months, the

-4-

court decided to proceed with entry of its order. The court did not, at that point, feel obliged to wait for further action from counsel. This series of events, however, also is instrumental in persuading the court that it would be equitable to allow supplementation.

Based on these factors, the court determines that allowing supplementation of defendant's § 2255 motion is a fair and reasonable result. The court's April 2019 decision on defendant's pro se claims remains in place, but defendant may file a supplemental § 2255 motion through counsel to pursue the Sixth Amendment claim identified in his motion to supplement.

**IT IS THEREFORE ORDERED** that the Motion to Supplement Mr. Warren's pro se § 2255 Motion (Doc. 129) is granted. Defendant's § 2255 motion is considered reopened only to allow filing of the Sixth Amendment claim that is the subject of Doc. 129.

Dated this 18th day of July, 2019, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**